## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SEYED HOJJAT AZIMI OSMAVANDANI,

Petitioner,

vs.

JOHN MATTOS, *et al.*,

Respondents.

Case No.: 2:26-cv-00008-GMN-BNW

**ORDER GRANTING AMENDED § 2241 PETITION**

Pending before the Court is Petitioner Seyed Hojjat Azimi Osmavandani's First Amended Petition for Writ of Habeas Corpus, (ECF No. 11). Also pending before the Court is Petitioner's Motion for Temporary Restraining Order, (ECF No. 13). Respondents Michael Bernacke, Pam Bondi, Todd Lyons, Kristi Noem, and Karri Ann Quihuis filed a Non-Opposition to both the Amended Petition and the Motion for Temporary Restraining Order, (ECF No. 18).[1] Because Petitioner has demonstrated that his detention is unconstitutional, the Court GRANTS his Amended Petition and orders his release.

## I.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction

---

[1] Because that Court grants the Amended Petition for Writ of Habeas Corpus, it denies the Motion for Temporary Restraining Order as moot.

includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## II.    DISCUSSION

Petitioner was most recently placed in ICE custody on June 24, 2025, and has therefore been in renewed post-removal immigration custody for over six months.  He explains that neither he nor ICE is in possession of his birth certificate or passport, and thus it is not possible for ICE to obtain a travel document for him. (Am. Pet. 6:9–11, ECF No. 11 (quoting 2009 ICE Email, Ex. 9 to Am. Pet., ECF No. 12-9)).  Respondents do not oppose relief on the grounds that there is no significant likelihood of removal in the foreseeable future, the standard defined by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).[2]  The Court thus adopts and incorporates its reasoning in *Barka v. Mattos*, No. 2:25-cv-01781-GMN-MDC, and *Bunnell v. United States*, Case No. 2:25-cv-02259-GMN-EJY, and finds that Petitioner has shown that he is being unconstitutionally detained under the standard articulated in *Zadvydas*, 533 U.S. 678. Accordingly, the Court GRANTS the Amended Petition for Writ of Habeas Corpus and orders Petitioner released from detention.

## III.    CONCLUSION

**IT IS HEREBY ORDERED** that the Amended Petition, (ECF No. 11), is **GRANTED.**

**IT IS FURTHER ORDERED** that the Motion for Temporary Restraining Order, (ECF No. 13), is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Petitioner must be released from detention by 5 pm on February 6, 2026, subject to the conditions of his prior order of supervision. *See* 8 U.S.C. § 1231(a)(3).

---

[2] The Court notes that Respondents' non-opposition is limited to the issue of whether there is a significant likelihood of removal in the reasonably foreseeable future. (Non-Opp 1:17–19, ECF No. 18).  Respondents do not oppose the relief sought in the Petition, though they limit the non-opposition to only the issue of the likelihood of removal in the reasonably foreseeable future while preserving their ability to address remaining issues "should relevant facts or circumstances materially change at a later time." (*Id.* 1:22–26).

**IT IS FURTHER ORDERED** that the parties must file a Joint Status Report no later than February 9, 2026, to certify compliance with the Court's order.

Counsel for Respondents are directed to immediately provide notice of this Order to the parties they represent.  The Clerk of Court is kindly directed to send a copy of this Order to the Warden of Nevada Southern Detention Center in Pahrump, Nevada.

**DATED** this __5__ day of February, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court